PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ARTURO FIGAREDO, Defendant and Appellant.

No. 3377. Argued January 20, 1928.—Decided January 25, 1928.

*C. Domínguez Rubio* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Arturo Figaredo was twice convicted, first in the municipal court and later, after a trial *de novo*, in the district court, of a violation of rule 5 of the Regulations adopted by the Public Service Commission, which reads in part as follows:

"No public carrier subject to the provisions of these rules shall permit, or allow, or authorize any person to drive any motor vehi-

cle which is in actual use for the transportation of passengers, unless such driver be a duly authorized chauffeur by the Commissioner of the Interior of Porto Rico and by the Public Service Commission, and unless he has had at least two years' experience after the issuance of his license by the Commissioner of the Interior as a chauffeur.

"(a) No person shall act as a chauffeur or conductor of any vehicle subject to these regulations unless said person has first obtained special authority from the Commission, and previous to doing that they must comply with the following requisites: . . . "

The complaint herein was filed by an insular policeman and charges that defendant, without authority from the Commission to act as chauffeur, and at the time and place specified in the complaint, was driving a certain omnibus owned by him.

Appellant now insists that the complaint does not charge an offense in that it does not allege that the omnibus in question was being used or employed at the time in the transportation of passengers.

Manifestly, the complaint does not attempt to charge defendant as the owner of the vehicle with permitting or consenting to the operation of a vehicle belonging to him, but rather with acting as a chauffeur or driver of a public vehicle without first having provided himself with a chauffeur's license. The provision contained in the first paragraph of rule 5 to the effect that the vehicle in question must be engaged at the time in the transportation of passengers is not so inseparably embodied in the definition of the offense described in subdivision (a) of that rule as to render the omission of an averment specifying such use and employment fatal in the case of a complaint filed by a policeman in a municipal court.

Another contention is that the court below erred in not acquitting defendant for want of evidence sufficient to support a conviction.

The testimony for the defense tended to show that defend-

ant had agreed to transport without charge a certain family or group of people who were returning from an excursion into the country, and that no fare was paid by anyone of such passengers. It did not occur to defendant, however, nor apparently to any of his passengers to disclose at the time cf the arrest the gratuitous character of the services that were then being rendered by defendant, and neither the district judge nor the judge 'of the municipal court was obliged to accept as true the explanation of the incident offered for the first time by defendant at the trial.

The judgment appealed from must be affirmed